[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
BY THE DIVISION
Application for review of sentence imposed by the Superior Court, Judicial District of Middlesex.
Richard S. Cramer, Esq. Defense Counsel, for Petitioner
Timothy J. Liston, Esq. Assistant State's Attorney, for the State.
After trial by jury, petitioner was convicted of intentionally aiding another in transporting with intent to sell to another a narcotic substance, cocaine, in violation of 21a-278(b) and 53a-8 of the Connecticut General Statutes. A sentence of twelve years was imposed as a result of such conviction.
The facts underlying petitioner's conviction indicate that a confidential informant working with the CT Page 7914 Middletown police made arrangements for a purchase of a kilogram of cocaine for $24,000.00 from a resident of New York City. In furtherance of this activity the confidential informant and undercover police officers met petitioner and other parties in a restaurant for the transfer of drugs. In a parking lot adjacent to the restaurant petitioner and another person gave to the confidential informant a plastic bag containing the cocaine. When petitioner and his associates returned to the restaurant they were arrested.
Petitioner's attorney argued that the sentence imposed was excessive and disproportionate. He stated that the other parties involved in the offense received sentences that were disproportionately lesser than that imposed on petitioner. He argued that petitioner's role in the offense was minimal. Yet, he received the longest sentence. The attorney theorized that the sentencing judge had concluded that petitioner was the source of the cocaine. The evidence, however, he argued did not support this conclusion. In arguing for a reduced sentence, the attorney also stressed that petitioner's record prior to this conviction had been exemplary with no criminal convictions or arrests. He also argued that the sentence imposed was well under the federal guidelines and should be reduced.
Speaking on his own behalf, petitioner stated that the sentence was excessive in view of his limited participation in the offense and his good record. Petitioner also stressed the effect which the sentence was having on his family.
The State's attorney recommended against any reduction in sentence. He stressed the seriousness of the conviction and the fact that it involved a kilogram of cocaine being sold for $24,000.00. He also indicated that the evidence did support a finding that petitioner was the supplier of the cocaine. The State's attorney stated that the judge did consider petitioner's good prior record and, imposed a sentence less than that recommended by his office. The State's attorney also stated that petitioner was involved in this serious criminal activity for profit.
The horrendous affect of drugs on our communities and the duty of courts to deter people from commercial participation in such activity are factors which a sentencing CT Page 7915 judge must properly consider. Petitioner was convicted of a violation of General Statutes 21a-278(b). The legislature has provided that any person convicted of violating this statute for a first offense shall be imprisoned not less than five years nor more than twenty-five years. The prime index of the gravity of a particular crime is the length of the statutorily authorized prison term that a defendant convicted of the crime may be required to serve. State v. Tucker,219 Conn. 752, 759 (1991). Petitioner's attorney noted that the sentence imposed exceeded the guidelines applicable to federal criminal prosecution. It is noted, however, that in Harmelin v. Michigan, ___ U.S. ___, 111 Sup. Ct. 2680,115 L.Ed.2d 836 (1991) the Supreme Court of the United States upheld a life sentence imposed on by a state court on a first offender for possession of cocaine. Petitioner has been convicted of a most serious offense. The sentence imposed was well within the parameters established by the legislature.
Considering all of the factors set forth in Practice Book 942 the sentence imposed cannot be found to be inappropriate or disproportionate.
The sentence is affirmed.
Purtill, J.
Klaczak, J.
Miano, J.
Purtill, J., Klaczak, J. and Miano, J. participated in this decision.